FILED
April 22, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002579156

RICHARD A. HALL (SBN 135483)
**BOTTOMLINE LAWYERS**
985 Lincoln Way, Suite 206
Auburn, California 95603
Telephone: (530) 888-7100
Facsimile: (866) 305-1238

Attorneys for Debtors
HULSEY EMERSON FERRILL, JR. AKA HUCK FERRILL
AKA HULSEY E. FERRILL AND DIANE R. FERRILL AKA DIANE REAVIS FERRILL

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HULSEY EMERSON FERRILL, JR. AKA HUCK FERRILL AKA HULSEY E. FERRILL AND DIANE R. FERRILL AKA DIANE REAVIS FERRILL,<br><br>Debtors. | CASE NO.   2010-27639-C-7<br><br>DC NO.:   RAH-001<br><br>DEBTOR DIANE R. FERRILL'S MOTION FOR ORDER FOR ABANDONMENT OF BANKRUPTCY ESTATE'S INTEREST IN DEBTOR'S BUSINESS<br><br>DATE:   May 11, 2010<br>TIME:   9:30 a.m.<br>PLACE:   U.S. Bankruptcy Court<br>            Courtroom 35<br>            Department C<br>            501- I Street<br>            Sacramento, California |

    Debtor Diane R. Ferrill, through her attorney of record, Richard A. Hall, of Bottomline Lawyers, hereby moves this Court for an order for abandonment of the Bankruptcy Estate's interest in debtor's business, Diane R. Ferrill, Notary Public. This motion is based on the facts which follow.

    Debtor filed a chapter 7 petition in bankruptcy on March 26, 2010. Among the assets scheduled is debtor Diane R. Ferrill's business, Diane R. Ferrill, Notary Public. Debtor Diane R. Ferrill has no equity in her business.

    A creditor's meeting is scheduled for May 5, 2010, at which time it is expected the trustee

1 | will file a report of no distribution. Moreover, the trustee has not indicated that the business
2 | Diane R. Ferrill, Notary Public is a target of any liquidation efforts on the part of the Bankruptcy
3 | Estate. The trustee has not challenged the debtor's assertion of value or debts regarding the
4 | business Diane R. Ferrill, Notary Public.

I hereby certify that I have read the foregoing motion for order for abandonment of the Bankruptcy Estate's interest in the business of the debtor, and further certify that the contents therein are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of April 2010, at Auburn, California.

/s/ RICHARD A. HALL
RICHARD A. HALL

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ARGUMENT**

**THE BUSINESS DIANE FERRILL, NOTARY PUBLIC IS OF INCONSEQUENTIAL VALUE TO THE BANKRUPTCY ESTATE.**

Property may be abandoned from the Bankruptcy Estate in one of three ways: upon notice by the case trustee, 11 U.S.C. § 554(a), upon motion by a party in interest and order, 11 U.S.C. § 554(b), or upon closing. 11 U.S.C. § 554(c). Property may be abandoned only if it is (1) burdensome to the Bankruptcy Estate, or (2) of inconsequential value to the Bankruptcy Estate. 11 U.S.C. § 554(a).

Debtor Diane R. Ferrill asserts that the business Diane Ferrill, Notary Public is of inconsequential value to the Bankruptcy Estate, as is evidenced by the chapter 7 bankruptcy filing. See "Declaration of Diane R. Ferrill, " and "Exhibit" document consisting "Schedule B- Personal Property-Amended 2010-04-22," and "Schedule C - Property Claimed as Exempt - Amended - 2010-04-22," both of which are filed concurrently herewith. Because the property is of inconsequential value to the Bankruptcy Estate, it may be abandoned from the Bankruptcy

Estate.

Additionally, the Court need not consider speculative factors when determining whether abandonment is appropriate under Section 554(b) of the Bankruptcy Code. <u>Vu v. Kendall</u> (<u>In re Vu</u>), 245 B.R. 644, 649 (B.A.P. 9th Cir. 2000). The Bankruptcy Court cannot be expected to deny the debtor's request for abandonment on the basis of a speculative scenario which may or may not occur in the future. <u>Ibid.</u>. Otherwise, trustees could certainly invent a scenario under which virtually all property could become valuable in the future and thereby defeat any motion to compel abandonment. The Court can only consider the evidence before it. In this instance, no concrete evidence of value to the Bankruptcy Estate of the business is presented.

## CONCLUSION

Based on the facts and authorities stated above, the debtor respectfully requests this Court enter an order for abandonment of the Bankruptcy Estate's interest in the business Diane Ferrill, Notary Public.

DATED: April 22, 2010

**BOTTOMLINE LAWYERS**

By: /s/ RICHARD A. HALL
RICHARD A. HALL
Attorneys for Debtor
DIANE R. FERRILL AKA
DIANE REAVIS FERRILL